# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-41095
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID ALCARAZ-SALAZAR, also known as Daniel Torres-Salazar

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-582-ALL

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

David Alcazar-Salazar appeals from his conviction of illegal reentry. He contends that his 46-month sentence is both procedurally and substantively unreasonable. He argues that the district court did not adequately explain why the sentence was appropriate in light of the reasons he advanced for a downward departure or variance. He contends that the presumption of reasonableness given to within-guideline sentences should not be given to sentences calculated pursuant to U.S.S.G. § 2L1.2 because that guideline is not supported by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

empirical evidence. He finally argues that the sentence failed to take into account his personal circumstances, as is required by 18 U.S.C. § 3553(a).

To the extent Alcaraz-Salazar seeks review of the district court's implicit denial of his downward departure request, we lack jurisdiction to review that denial. See United States v. Hernandez, 457 F.3d 416, 424 (5th Cir. 2006). To the extent Alcaraz-Salazar seeks review of the implicit denial of his downward variance request, in Gall v. United States, 128 S. Ct. 586, 596-97 (2007), the Supreme Court established a bifurcated process for conducting a reasonableness review. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). Pursuant to Gall, this court must determine whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597. If the district court's decision is procedurally sound, this court will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." Id.

Kimbrough v. United States, 127 S. Ct. 558 (2007), does not support Alcaraz-Salazar's contention that sentences calculated pursuant to § 2L1.2 should not be presumed reasonable. See United States v. Campos-Maldonado, 531 F.3d 337 (5th Cir. 2008), cert. denied, 2008 WL 3996218 (Oct. 6, 2008). The district court in Alcaraz-Salazar's case heard Alcaraz-Salazar's argument for a downward variance, stated the guideline sentencing range, adopted the presentence report, and added that a sentence within the range satisfied the requirements of § 3553(a). The district court's reasons were sufficient, see Hernandez, 457 F.3d at 424. Alcaraz-Salazar has not shown that his within-

guideline sentence should not be presumed reasonable.  See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

AFFIRMED.